IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GEORGE CHRISTOPHER LOVATO,                                        CV. 04-584-BR

                 Petitioner,                       OPINION AND ORDER

    v.

BRIAN BELLEQUE,

                 Respondent.


MICHELLE A. RYAN
818 S.W. Third Avenue,
Suite 168
Portland, OR  97204

     Attorney for Petitioner


HARDY MYERS
Attorney General
DENIS M. VANNIER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR  97301

     Attorneys for Respondent

BROWN, Judge

Petitioner, an inmate at the Oregon State Penitentiary, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, Petitioner's habeas corpus Petition (#1) is DENIED, and this proceeding is DISMISSED.

<u>**BACKGROUND**</u>

In August 1995, Petitioner was charged with sexually abusing his eight-year-old niece in 1993, while residing with her and her family.  In November 1996, a jury found Petitioner guilty of Sodomy in the First Degree, Unlawful Sexual Penetration in the First Degree and two counts of Sexual Abuse in the First Degree.  In the same trial, Petitioner was acquitted of similar charges arising from allegations by a friend of his niece.

On January 3, 1997, Petitioner was sentenced in Washington County Circuit Court to 196 months incarceration.  Petitioner directly appealed his conviction raising four claims of trial court error.  The Oregon Court of Appeals affirmed Petitioner's conviction without opinion.  *State v. Lovato*, 170 Or.App. 790, 14 P.3d 101 (2000).  The Oregon Supreme Court denied review.  *State v. Lovato*, 332 Or. 56, 26 P.3d 150 (2001).

Petitioner filed a first amended petition for post-conviction relief (PCR) in Marion County Circuit Court, alleging ineffective assistance of trial counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and

ineffective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Petitioner raised numerous grounds for relief. The PCR court denied relief. Petitioner appealed the denial raising two assignments of error. The Oregon Court of Appeals affirmed without opinion. *Lovato v. Czerniak*, 192 Or.App. 162, 86 P.3d 119 (2004). The Oregon Supreme Court denied review. *Lovato v. Czerniak*, 336 Or. 534, 88 P.3d 280 (2004).

On April 29, 2004, Petitioner filed the instant Petition alleging he was denied effective assistance of trial counsel and appellate counsel, and contending the PCR court erred in concluding he was not denied the right to assistance of counsel. Although Petitioner raises all grounds for relief presented to the PCR trial court, he did not file any memorandum in support of his Petition despite receiving six extensions of time to do so. Instead, counsel notified the court on February 8, 2007, that Petitioner would rely on the record.

According to Respondent, Petitioner has procedurally defaulted all but the two claims presented to the Oregon Court of Appeals and Oregon Supreme Court in his appeal of the post-conviction court decision. Moreover, Respondent argues Petitioner fails to meet his burden of proof on his remaining claims.

///

///

## DISCUSSION

### I.    Procedurally Defaulted Claims

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)(state courts must have an opportunity to act on claims before they are presented in a habeas petition). The exhaustion requirement is satisfied when federal claims have been fairly presented to the state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in satisfaction of the exhaustion requirement. *See* Or. Rev. Stat. 138.650 (2005).

A state prisoner procedurally defaults federal claims if he fails to raise them as federal claims in state court or is barred from doing so under applicable state procedural rules. *O'Sullivan*, 526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice or the prisoner demonstrates that failure to consider the claims will result in a fundamental

miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750.

> **A.    Ineffective Assistance of Trial Counsel Grounds for Relief 1(a), (b), (c), (d), (f), (g), (h); Ineffective Assistance of Appellate Counsel Grounds for Relief 2(a), (b), (c)**

Petitioner failed to raise grounds for relief 1(a), (b), (c), (d), (f), (g), (h); and 2(a), (b), (c) to the Oregon Court of Appeals and Oregon Supreme Court in appealing the denial of post-conviction relief.  Petitioner cannot again seek state post-conviction relief.  *See* Or. Rev. Stat. 138.550 (3) (2005).  Accordingly, the claims are procedurally defaulted.  Petitioner has made no showing of cause and prejudice to excuse his procedural default, or that a fundamental miscarriage of justice will result if the claims are not considered, and, therefore, habeas relief as to these claims is precluded.

> **B.    Denial of Due Process and Equal Protection Grounds for Relief 3(a), (b), (c)**

Petitioner alleges he "was deprived of due process and equal protection of the law in violation of the Fifth and Fourteenth Amendments . . . when counsel failed to raise as error in the Opening Brief, the court's errors in allowing (a)[the showing of] the tape Dr. Brays' conversation with the victim. . .; (b) the testimony of Dr. Brays as an expert witness; and (c) the testimony

of the victim on the same topic."[1]   Although Petitioner characterizes this claim as a violation of his rights to Due Process and Equal Protection, he is, in fact, faulting his counsel's representation.  The court thus construes this claim as raising ineffective assistance of appellate counsel.  In any event, although Petitioner raised these grounds for relief before the PCR trial court, he did not raise them to the Oregon Court of Appeals and Oregon Supreme Court in his appeal of the denial of PCR relief. Petitioner cannot again seek state post-conviction relief.  *See Id.* Accordingly, these claims are procedurally defaulted.   Because Petitioner has made no showing of cause and prejudice to excuse his procedural default, or that a fundamental miscarriage of justice will result if the claims are not considered, habeas relief as to these claims is precluded.

**II.  The Merits**

   **A.  Standards**

   A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he demonstrates that the state court's adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by

---

[1]The court assumes that the reference to "counsel" is to appellate counsel on direct appeal because the assignment of error alleges a failure to raise trial court errors.

the Supreme Court of the United States; or 2)resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In construing this provision, the Supreme Court stated: "it seems clear that Congress intended federal judges to attend with the utmost care to state court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. 362, 386 (2000). The last reasoned decision by the state court is the basis for review by the federal court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1233 n. 3 (9th Cir. 2002).

1.   § 2254 (d)(1) Unreasonable application of . . . the law

A state court decision is an "unreasonable application" of clearly established Supreme Court law when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005)(citing *Williams,* 529 U.S. at 413). "Under §2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court

decision applied [the law] incorrectly.  Rather, it is the habeas applicant's burden to show that the state court applied [the law] to the facts of his case in an objectively unreasonable manner.  An *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Woodford v. Visciotti*, 537 U.S. 19, 24,25 (2002)(internal citations omitted).

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert*, 393 F.3d at 974. Here, the Oregon Supreme Court correctly identified *Strickland v. Washington*, 466 U.S. 668 (1984), as the governing legal principle for Petitioner's ineffectiveness claims, and the last reasoned state court decision is that of the PCR trial court.

2.    <u>§ 2254 (d)(2) Unreasonable determination of the facts</u>

A federal court reviewing state court decisions "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).  This is a standard that will be met in few cases.  *Id.* at 1000.  An unreasonable determination of the facts occurs when the fact-finding process is flawed, or no findings are made.  Examples of a flawed process include:  making evidentiary findings without holding a hearing, misstating the record, ignoring the record, misapprehending the

evidence presented. *Id.* at 1001. It is incumbent upon the habeas petitioner to demonstrate the state court decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

If upon review of the evidence on which the state court based its determination the federal court does not find the determination unreasonable, the state court findings are presumed to be correct. A petitioner can rebut this presumption only by presenting clear and convincing evidence that the state court findings of fact are in error. *Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003).

**B.  Analysis**

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding." *Id.* at 693.

///

///

1.  Ineffective Assistance of Trial Counsel Grounds for
    Relief 1(e)

Petitioner contends "[t]rial counsel failed to file a timely motion to offer evidence of the victim's alleged previous sexual abuse by a neighbor.  Such failure precluded him from presenting evidence that the victim had been sexually abused by a neighbor shortly before the allegations of abuse against petitioner and from fully cross-examining clinical social worker Patricia Bailey about her conclusions regarding the neighbor's abuse."[2]  The state PCR court stated in its Findings of Facts:

> * * *
>
> 11.   Counsel investigated allegations of a mentally challenged youth who may have touched the victim in an inappropriate manner on a prior occasion.  Nothing came of this investigation.  Counsel was not inadequate, and such information was not relevant to petitioner's case."
>
> * * *

Reviewing the record upon which the state court relied, this court finds no reason to conclude the state court's findings were unreasonable.  Although Petitioner's PCR trial memorandum gives a thorough review of the legal standards for evaluating counsel's performance under *Strickland*, it includes no evidence showing

---

[2]Petitioner also presents this claim as "Ground One" in Attachment "B" of his Petition.  Although presented as a distinct claim, it is the same claim and, therefore, the court does not discuss it separately.

counsel was deficient for not filing the motion in question.[3]
Petitioner did not present evidence confirming the incident with
the neighbor occurred, nor did he show that the incident was
relevant to his case. Furthermore, in an affidavit before the PCR
court, trial counsel stated, "[N]othing had come out of the
investigation of the incident. I never believed that the
allegation would be of much help to . . . our defense."

The trial transcript does reveals that, outside the presence
of the jury, counsel attempted to question the victim about the
alleged incident with the neighbor. The court sustained an
objection by the state premised on counsel's failure to file
advanced notice of his intent to raise the issue. Counsel also
alluded to the incident on cross-examination of the victim's
therapist as to her knowledge of the source of her patient's
problems, and the court again sustained the prosecution's objection
for lack of notice. Nonetheless, in the context of the entire
record and the evidence presented by the state at trial, the
exclusion of the testimony due to lack of notice does not render
the PCR court's finding that the information was not relevant to
Petitioner's case unreasonable. The state court finding is

---

[3]Under Oregon law, notice of the intent to introduce
evidence of a victim's past sexual behavior must be filed with
the court in advance of trial. Or. Evid. Code 412(3)(a).

therefore presumed to be correct, and Petitioner has presented no evidence to this court to overcome that presumption.

Furthermore, to succeed on his claim of ineffective assistance of trial counsel Petitioner had to show the PCR court that, but for the failure to file the motion in question, there was a reasonable probability that he would not have been convicted. *Strickland*, 466 U.S. at 695. Petitioner provided no evidence to the PCR court showing the incident with the neighbor actually occurred, was relevant to his case, and would have been admissible under Oregon rules of evidence. In fact, in his PCR deposition, Petitioner stated he knew very little about the alleged incident with the neighbor. (Ex. 119:13). Petitioner's speculation that allowing information about the incident to be admitted at trial would have changed the verdict is insufficient to show he was prejudiced, particularly because Petitioner was acquitted in the same proceeding of similar charges pertaining to his niece's friend. *See Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000)("[I]n cases involving mere attorney error, we require the defendant to demonstrate that the errors actually had an adverse effect on the defense.")(internal quotations omitted). The PCR court's denial of relief on this claim was thus in accordance with *Strickland*.

For habeas review to be granted, Petitioner needed to show the Oregon court adjudication of his claim was an unreasonable application of *Strickland*, or that the decision was based on an

unreasonable determination of the facts. Petitioner satisfied neither requirement. Accordingly relief on this claim is precluded.

    2.    <u>Ineffective Assistance of Trial Counsel Grounds for Relief 1(i)</u>

    Petitioner alleges "[t]rial counsel failed to make a timely and proper objection to Dr. Bays' comment on the credibility of the victim."[4] The state PCR court stated in its Findings of Facts:

    * * *

    16.  Counsel was not inadequate for failing to object to the testimony of Dr. Bays on the basis that Bays improperly commented on the credibility of the victim. Bays did not improperly comment on the credibility of the victim, however counsel did object to the testimony on this basis.

    * * *

    18.  Dr. Bays' conversation with the victim was admissible under OEC 803(18a). Therefore, appellate counsel cannot be considered inadequate for failing to raise as error the prosecution's use of this conversation.

    * * *

    Reviewing the record upon which the state court made its findings, this Court does not find any evidence that the state court acted unreasonably. Trial counsel objected at least four times as Dr. Bays testified to the factors she relied on in

---

    [4]Petitioner restates this claim as "Ground Two" in Attachment "B" of his petition. Although presented as a distinct claim, it is the same claim and, therefore, will not be discussed separately.

diagnosing the victim with sexual abuse. (Trial Tr. 420-23). With the court overruling his objections, counsel asked to be heard outside the jury's presence. The court, however, denied his request.[5] The record thus reflects counsel did object to Dr. Bays testimony. Furthermore, Petitioner presented no evidence to the PCR court to show that counsel's objections were not timely or proper, or that the testimony was improperly admitted under Oregon law. Accordingly, the state court findings were not unreasonable and, therefore, are presumed to be correct. Petitioner fails to rebut this presumption with clear and convincing evidence.

As noted previously, Petitioner presented a thorough review of legal standards under *Strickland* in his PCR memorandum. He did not, however, offer any evidence to substantiate his claim that counsel's objections were not timely or proper, or that the outcome of the trial was adversely affected by counsel's handling of the objections. In his PCR deposition Petitioner simply stated he objected to all of Dr. Bays testimony and questioned her expertise. Petitioner thus failed to meet his burden of proof under *Strickland* in the state PCR proceedings. Denial of post-conviction relief

---

[5]Counsel had successfully objected to similar testimony by a a nurse practitioner, regarding factors used to diagnose the other alleged victim, as a comment on the credibility of the victim. (Tr. 193). The trial court stated "Dr. Bays might be able to testify to it with her medical knowledge and with her other diagnostic tools, but all this witness has really done is repeat what the child has said." (Tr. 193).

was, therefore, not an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to habeas relief on this claim.

## **CONCLUSION**

For the foregoing reasons, Petitioner's habeas petition (#1) is denied, and the proceeding dismissed.

IT IS SO ORDERED.

DATED this 5th day of April, 2007.


/s/ Anna J. Brown_____
ANNA J. BROWN
United States District Judge